UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RICHARD WAHLERS**<br><br>Petitioner,<br><br>v.<br><br>**NEW JERSEY DIVISION OF PROBATION, ET AL.,**<br><br>Respondents. | Civil Action No. 21-16354 (CCC)<br><br>**MEMORANDUM AND ORDER** |

**CECCHI, District Judge.**

*Pro se* Petitioner Richard Wahlers seeks to bring a habeas petition pursuant to 28 U.S.C. § 2254. ECF No. 1. The Petition challenges a New York state conviction for attempted criminal sexual act in the third degree, unlawfully dealing with a child in the first degree, and endangering the welfare of a child. *People v. Wahlers*, 67 Misc. 3d 142(A), 128 N.Y.S.3d 779 (N.Y. App. Term. 2d Dept.), *leave to appeal denied*, 35 N.Y.3d 1071 (2020). After a jury trial, defendant was found guilty of the charges. *Id.* Petitioner was sentenced to six years of probation supervision and fifteen years of registration supervision. ECF No. 1 at 1.

However, Petitioner has neither prepaid the $5.00 habeas petition filing fee, nor filed an application to proceed *in forma pauperis* ("IFP"). *See* Local Civil Rules 54.3(a), 81.2(b). Accordingly, the Court will administratively terminate on that basis. Should Petitioner wish to proceed and reopen this action, Petitioner must pay the $5 filing fee or submit an IFP application.

Any request to reopen should address some additional concerns. First, the Court notes that Petitioner has not included a *Mason* acknowledgment. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "provides that a second or successive habeas petition under §

2254 is to be dismissed unless certain very specific and rare circumstances exist." *Mason v. Myers*, 208 F.3d 414, 417 (3d Cir. 2000). Thus, any *pro se* petitioner must be informed or must acknowledge that all grounds and support for relief must be included in a first petition lest the petitioner be barred from presenting additional grounds at a later date. *Id.* This district's form contains such an acknowledgment. *See* AO 241 (modified): DNJ-Habeas-008(Rev.01-2014) at 17. Petitioner's application, however, does not. Accordingly, any future filing should contain such an acknowledgement.

Finally, the Court notes that Petitioner has named various New Jersey entities or individuals as Respondents, despite having been convicted in New York. Indeed, a petitioner may attack another state's conviction which may subject him to future custody. *Byrd v. Martin*, 754 F.2d 963, 965 (11th Cir. 1985), citing *Estelle v. Dorrough,* 420 U.S. 534 (1975). In that situation, jurisdiction exists concurrently in both the district of confinement or supervision and the district in the state in which the conviction which he seeks to attack was entered. The Petition states that Petitioner is subject to several years of supervision, and presumably moved to New Jersey. Petitioner's address is ostensibly in New Jersey, although it is listed as a post office box care of another individual. Thus, any future filing should clarify Petitioner's residence and the nature of any supervision (if any) by New Jersey.[1]

**THEREFORE, IT IS** on this 15th day of February, 2022,

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this case; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*,

---

[1] The Petition mentions numerous attachments and at least one affidavit, but none are included.

731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [petition] is submitted to the clerk before the statute runs …."); and it is further

**ORDERED** that the Clerk of the Court shall mail to Petitioner a blank, non-prisoner *In Forma Pauperis* application and § 2254 habeas petition; and it is further

**ORDERED** that neither this Order nor the Clerk's service of the form shall be construed as this Court's finding that the original petition is or is not timely, or that Petitioner's claims are or are not duly exhausted; and it is further

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101, within 30 days of the date of entry of this Order; Petitioner's writing shall include either the $5 filing fee or a complete application to proceed *in forma pauperis*, and shall address the other concerns noted in this Order; and it is further

**ORDERED** that upon receipt of a writing from Petitioner stating that he wishes to reopen this case, and either the $5 filing fee or a complete *in forma pauperis* application, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

SO ORDERED

    s/ Claire C. Cecchi
    **Claire C. Cecchi, U.S.D.J.**